IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00183-01 JMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING REQUEST |
| | ) | FOR APPOINTMENT OF |
| vs. | ) | COUNSEL |
| | ) | |
| TOGITUFA FILO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL</u>**

By motion dated June 30, 2008, Defendant Togitufa Filo seeks appointment of counsel concerning the applicability of the recent crack cocaine guideline amendments to his sentence. For the following reasons, the court GRANTS the motion and appoints the Office of the Federal Public Defender to represent Filo.

On July 14, 2005, Filo was sentenced to a term of incarceration of 120 months based on his conviction for distribution of methamphetamine, possession with intent to distribute 5 grams or more of methamphetamine, possession with intent to distribute 5 grams or more of cocaine base ("crack"), possession with intent to distribute cocaine, and possession of marijuana.

According to the Presentence Investigation Report, Filo's United States Sentencing Guideline ("USSG") base offense level was determined not by the quantity of drugs involved, but on his status as a career offender pursuant to USSG § 4B1.1.

On November 1, 2007, United States Sentencing Commission Amendment 706 became effective, allowing a reduction to the base offense level for most crack cocaine offenses under the United States Sentencing Guidelines ("USSG").[1] The Sentencing Commission then added Amendment 706 to the list of amendments that may be applied retroactively in USSG § 1B1.10(c), effective March 3, 2008. The amendment revises the base offense level applicable to crack cocaine offenses, and provides a mechanism to determine a Guideline range for offenses involving crack cocaine and other controlled substances.

A court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

USSG § 1B.10 provides a mechanism for a reduction of such a sentence. The Sentencing Commission recently amended § 1B1.10 to include "exclusions" to the relief available under 18 U.S.C. § 3582(c). Specifically, a reduction in sentence is not authorized under § 3582(c) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

A reduction in Filo's sentence is only authorized pursuant to § 3582(c)(2) where a specific "sentencing range" has been adjusted downward by the Sentencing Commission. Filo, however, was sentenced as a career offender and his career offender sentencing range has not been adjusted downward by Amendment 706. As a result, courts have uniformly held that a defendant sentenced as a career offender is not eligible for a § 3582(c) reduction in sentence based on Amendment 706. *See United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008); *United States v. Gray*, 2008 WL 895012 (4th Cir. Apr. 2, 2008); *United States v. Lee*, 2008 WL 2357243 (N.D. Cal. June 6, 2008).

Nonetheless, the court finds that it is in the interests of justice to appoint the Office of the Federal Public Defender to represent Filo in this matter. That office can review the matter and determine whether to file a § 3582(c) motion. The Office of the Federal Public Defender shall notify the court, no later than July 28, 2008, if it is unable to represent Filo based on a conflict of interest.

The Clerk of Court is directed to provide the Office of the Federal Public Defender with a copy of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 1, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Filo*; Cr. No. 04-00183-01 JMS; Order Granting Request for Appointment of Counsel